IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DARYL SHEPARD                    §
SHENEQUA SHEPARD                 §
                                 §
VS.                              §        CIVIL NO.4:14-CV-986-Y(BJ)
                                 §
SER TEXAS LLC, et al.            §

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiffs have filed a civil case with a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Daryl Shepard and Shenequa Shepard are co-plaintiffs. The first defendant of several is listed as Ser Texas LLC.

C. LEGAL ANALYSIS

Plaintiffs accompanied their complaint with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* That motion/application includes the income and asset information for both the plaintiffs. In making the in-forma-pauperis determination, the Court may consider the total monetary resources available to

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

assist Plaintiffs, and "it is appropriate to consider a spouse's income." *Muhammad v. Louisiana Attorney Disciplinary Board, et al.,* No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); *see e.g., Montiel v. Wyndham Anatole Hotel,* No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003)(denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and &700 in a bank account); *Mann v. Frank,* No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D. Mo. Sept. 2, 1992)(considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition)*; Monti v. McKeon,* 600 F.Supp. 112, 114 (D. Conn. 1984)(request to proceed on appeal in forma pauperis denied where plaintiff was supported by her spouse and spouse was able to pay costs); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.,* 538 F.Supp. 120, 1202 (D.P.R. 1982)(court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer,* 455 F.Supp. 205, 209 (D. Md. 1978)("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . ."). Additionally, because each spouse is a plaintiff in this action, it is appropriate to consider whether they can jointly pay the applicable filing fees. *See generally Darden v. Indymac Bancorp, Inc.,* No. Civ S-09 2970 JAM DAD PS, 2009 WL

5206637, at *1 (E.D. Cal. Dec. 23, 2009)(finding that in-forma-pauperis applications "fail to establish that each plaintiff is unable to pay the $350.00 filing fee or that the five plaintiffs together cannot pay the $350.00 filing fee")(citations omitted).

A review of the financial information submitted in the application/motion reflects that plaintiff Shenequa Shepard receives $4,800 a month in gross income from General Motors, and co-plaintiff Daryl Shepard is listed as earning income of $4,000 a month for the same employer. The information in this application shows that Plaintiffs have sufficient monthly combined income available to pay the filing and administrative fees.[2] Thus, after review and consideration of the application/motion to proceed in forma pauperis filed by Plaintiffs, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

### RECOMMENDATION

It is therefore RECOMMENDED that Plaintiffs' December 9, 2014 motion/application to proceed in forma pauperis [docket no. 2] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiffs that their complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b),

---

[2]The in-forma-pauperis application has some inconsistent information. Although each party is listed as still employed and earning the amounts listed, another section of the application lists an expected income amount of only $3,500 a month. (IFP Motion (doc. 2) at § 1). Even if this is true, at an average annual household income of $42,000, the co-plaintiffs are not entitled to proceed in forma pauperis.

unless Plaintiffs pay to the clerk of Court the filing and administrative fees of $400.00[3] within seven (7) days after the district judge's order.

<u>NOTICE OF RIGHT TO OBJECT TO PROPOSED</u>
<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION</u>
<u>AND CONSEQUENCES OF FAILURE TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 3/, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual

---

[3]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiffs are granted until December ___31___, 2014 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED December ___10___, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE