**UNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| DARYL & SHENEQUA SHEPARD | ( | |
| AS-PLAINTIFF'S | ( | Case No.   4- 14- cv-9864Y |
| -v- | ( | |
| SER TEXAS, LLC & ONE PROP INC, | ( | |
| HPA.SER TEXAS, LLC AND | ( | |
| PATHLIGHT PROPERTY MANGEMENT | ( | |
| & NICK LIANOS & KIRK GILLESPIE | ( | |
| RICHARD DUVAL, & KEVIN MARTIN | ( | |
| CHARLES RISKA & SHARI SIEGEL | ( | |
|   AS DEFENDANTS | ( | |

**PLAINTIFF'S MOTION TO REINSTATE AND SET ASIDE DISMISSAL**

**AND SUPPORTING MEMORANDUM**

Comes now, Daryl and Shenequa Shepard and requests the motion to set aside the Final Judgment of Dismissal and reinstate the above entitled cause.  On, February 10, 2014 The Court having dismissed the case for Plaintiff's failure to comply with local Civil Rule 5.1(e), which required the Plaintiffs to obtain an EFC account or request an exemption by February 6, 2014.Plaintiffs  would respectfully state that such non compliance was not intentional. Efforts were made by the Plaintiffs but were unsuccessful and were not intentional.

**BACKGROUND:**

Plaintiffs filed suit on December 9, 2014, pro se. The court ordered Plaintiff's to apply for an ECF by February 6, 2015. The plaintiffs made a diligent effort to comply with this order and in fact  had an approved account on the date the Court dismissed the case.

**DISCUSSION:**

Plaintiffs rely upon FRCP RULE 60(b) FRCP Rule 60(b) which provides that the court may relieve a party from a final judgment and sets forth the following categories of reasons for which such relief may be granted: On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief..

WHEREFORE, Premises considered, Plianitffs request that the Court reinstate their cause of action.

Respectfully Submitted,

Andrew A. Dunlap
Texas Bar ID 06231700
2711 N. Haskell Avenue
Suite 550
Dallas, Texas 75204
214-306-3347
214-614-5160 fax
Aadunlapesq@gmail.com
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

**I hereby certify that the above motion was served upon the following parties by regular mail:**
SER Texas, LLC ,ONE PROP INC,  HPA.SER Texas, LLC , Pathlight Property Management, Nick Llanos  Kirk Gillespie, Richard Duval, Kevin Martin,  Charles Riska and Shari Siegal  on this 10th day of March, 2014